IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN RANDALL SMITH,<br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WARDEN MAIORANA; MR. WRIGHT;<br>DR. FARKUS DMP; MR. BURKE, PA<br>MR. RODRIGUIS; MULTIPLE<br>UNKNOWN NAMED EMPLOYEES OF<br>THE FEDERAL BUREAU OF PRISONS;<br>UNITED STATES OF AMERICA,<br>　　　　　　Defendants. | Civil Action No. 13-70J<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br><br><br>Re: ECF No. 56 |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

　　　Plaintiff, Stephen Randall Smith ("Plaintiff") is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland. Plaintiff has brought this civil rights suit pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) ("*Bivens*"), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* ("FTCA"), alleging that he suffered severe injuries when he was attacked by another inmate while he was incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), and that the staff at SCI Loretto subsequently subjected him to deliberately indifferent and/or negligent medical care. Plaintiff also alleges that Defendants are liable to him for failing to supervise and protect him from the other inmate.

　　　Presently before the Court is a Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment ("the Motion"), ECF No. 56, submitted on behalf of Defendants Warden Maiorana, Dr. Farkas (incorrectly identified as "Dr. Farkus"),

Steven Burk (incorrectly identified as "Mr. Burke"), Nicolas Rodriguez-Miralles (incorrectly identified as "Mr. Rodriguis"), and the United States of America.[1] For the reasons that follow, the Motion, which the Court has treated as a Motion for Summary Judgment, will be granted.

I.     **PROCEDURAL BACKGROUND**

Plaintiff initiated this action on March 29, 2013, by filing a Motion for Leave to Proceed In Forma Pauperis. ECF No. 1. Plaintiff's request was granted on May 16, 2013, and the Complaint was filed on that same date. ECF Nos. 5, 6. Plaintiff filed an Amended Complaint on January 15, 2014, which remains the operative complaint. ECF No. 21.

On September 16, 2014, Defendants filed the instant Motion and a brief in support. ECF Nos. 56, 58. This Court issued an Order on September 19, 2014, indicating that the Motion would be treated as a Motion for Summary Judgment and directing Plaintiff to file a response to the Motion, a concise counter-statement of facts and any appendix by October 20, 2014. ECF No. 59. Plaintiff subsequently requested and was granted an extension of time to respond and on January 9, 2015, Plaintiff submitted a Response to Defendants' Motion to Dismiss, ECF No. 68, and a Formal Response to Defendants Brief in Pursuit of Summary Judgment. ECF No. 69. Accordingly, the Motion is now ripe for review.

---

[1] Also named as Defendants in this matter are Multiple Unknown Employees of the Federal Bureau of Prisons. On February 25, 2014, this Court issued an Order directing Plaintiff to provide with the Court the names of these Defendants and to provide proper service papers and instructions for them by March 11, 2014. ECF No. 23. Plaintiff failed to provide the requisite information. On April 2, 2014, the Court issued an Order to Show Cause, returnable on April 16, 2014, to show cause why the action should not be dismissed as to the unknown Defendants for Plaintiff's failure to provide the Court with their names or instructions for service. To date, Plaintiff has failed to identify the unknown Defendants or otherwise respond to the Order to Show Cause. Thus, notwithstanding the instant Motion filed by the named Defendants, the claims brought against the Multiple Unknown Employees of the Federal Bureau of Prisons are properly dismissed from the case for failure to prosecute. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

## II. STANDARDS OF REVIEW

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply and require the court to accept all factual allegations in the Complaint as true, and to consider only the complaint and documents referenced in or attached to the complaint. See Gould Elec., Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). However, where, as here, a factual challenge to the court's subject matter jurisdiction is made, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the Complaint. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. See Gotha v. U.S., 115 F.3d 176, 179 (3d Cir.1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d at 891.

### B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("[a] genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. N.J. Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## III. DISCUSSION

Defendants have set forth a number of arguments in their Motion as to why the claims brought against them should be dismissed. Although all of their arguments appear to have merit, the Court need only address one, *i.e.*, whether Plaintiff has failed to exhaust his administrative

4

remedies. The issue is not only dispositive of the Motion but requires dismissal of the Amended Complaint in its entirety.

**A.** *Bivens* **Claims**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, an inmate is required to pursue any administrative remedies available through the BOP before filing suit. The requirement is not negotiable but is a mandatory prerequisite to all inmate suits that revolve around prison life and complaints arising therefrom. See Porter v. Nussle, 534 U.S. 516, 521-25 (2002) (PLRA mandates completion of any prison administrative remedy process capable of addressing an inmate's complaint and providing some form of relief); Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("it is beyond the power of the court to excuse compliance with the exhaustion requirement").

The BOP has adopted a four step grievance process that an inmate must follow in order to exhaust his or her administrative remedies. See 28 C.F.R. § 542.10 *et seq.* An inmate is first required to attempt to resolve the dispute informally with institution staff. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must file a formal complaint with the Warden within twenty (20) days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). The inmate then has the right to appeal any disfavorable response by the Warden to the Regional Director within twenty (20) days of the Warden's response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the final step is for the inmate to file an appeal with the General Counsel of the BOP within thirty (30) days from the date of the Regional Director's

response. Id. The administrative remedy process is not "exhausted" until this fourth step is completed, and the inmate's appeal is denied by the BOP's General Counsel. See 28 C.F.R. § 542.14(d)(2).

In addition, the United States Supreme Court has held that the PLRA's exhaustion requirement includes a procedural default component which demands "proper exhaustion." To properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). See Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004) (holding that the PLRA requires proper exhaustion, and alternatively describing this requirement as a "procedural default component"). Thus, where the inmate fails to specifically name the individual in the grievance or where the grievance is untimely or otherwise defective, claims against an accused individual are procedurally defaulted. Id. at 234.

Defendants in this case have submitted the Declaration of Kimberly Sutton, a Paralegal Specialist with the Department of Justice who is familiar with the BOP's administrative remedy process, in which she attests to the fact that Plaintiff failed to exhaust his administrative remedies with respect to any of his claims. ECF No. 57-1, ¶¶ 1, 3-5. To support her statement, Defendants have attached to Ms. Sutton's Declaration copies of records maintained in the BOP computerized database relative to grievances filed by Plaintiff, which show that Plaintiff's claims regarding the lack of medical care and/or protection have never been grieved. ECF No. 57-3, pp. 1-6. Importantly, Plaintiff does not dispute Ms. Sutton's representation that he has failed to exhaust his administrative remedies and he has not otherwise attempted to demonstrated that his claims have been exhausted.

Moreover, to the extent that Plaintiff suggests in the Amended Complaint that his attempt to appeal the findings and sanctions of the Discipline Hearing Officer ("DHO"), who investigated and filed a report regarding Plaintiff's altercation on December 5, 2011 with another inmate, satisfies the exhaustion requirement, his argument fails. See ECF No. 21, p. 28. The subject of the DHO's investigation and subsequent report was whether Plaintiff was guilty of fighting with another inmate and not whether he received adequate medical care and/or protection. ECF No. 57-5. Thus, the *Bivens* issues presently before the Court were not grieved and/or administratively reviewed. Further, even if it could be said that Plaintiff's appeal of the DHO's decision related to Plaintiff's medical treatment and Defendants' alleged failure to protect, it is clear from the record that Plaintiff failed to follow proper procedures relative to that appeal. Plaintiff was found guilty of fighting with another inmate on February 14, 2012, and thus had until March 6, 2012 -- twenty days later -- to file an appeal.[2] Id. at p. 6. See ECF No. 21-1, p. 6. Plaintiff, however, did not file an appeal until August 27, 2012, and it was therefore rejected as untimely. Consequently, Plaintiff's subsequent appeal to the Central Office was also rejected. ECF No. 21-5, pp. 4, 14, 16. See ECF No. 57-3, p. 5. Plaintiff's *Bivens* claims, therefore, are procedurally defaulted and are properly dismissed for failure to exhaust administrative remedies.[3]

---

[2] According to the BOP's procedures, in order to challenging a disciplinary decision by a DHO, the inmate is initially required to file an appeal to the Regional Director within twenty days of receiving a copy of the DHO's decision. See ECF No. 21-5, p. 2.

[3] Notably, Plaintiff does not dispute that his *Bivens* claims are procedurally defaulted but argues only that he "fought long and hard to file, even to the point of writing Congress and the President of the United States of America (Barrack Obama)." ECF No. 69, p. 9. Writing a letter to the President of the United States, however, is not part of the process for challenging disciplinary sanctions imposed by a DHO -- a process that the Regional Director of the BOP states is one that Plaintiff is "familiar with." ECF No. 21-5, p. 2. Plaintiff's claims therefore are still procedurally defaulted and are not properly before the Court.

### B. FTCA Claims

The FTCA provides that:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claims shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Thus, contrary to Plaintiff's assertion, the administrative exhaustion requirement of the FTCA, like the exhaustion requirement found in the PLRA, is mandatory. McNeil v. U.S., 508 U.S. 106, 111 (1993). See Wujick v. Dale & Dale, Inc., 43 F.3d 790, 793-94 (3d Cir. 1994) (noting that administrative exhaustion under FTCA is mandatory, and the Supreme Court "firmly rejected the 'no harm, no foul' reasoning"). Moreover, the FTCA's requirement of administrative exhaustion is jurisdictional and cannot be waived. Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015).

Here, Defendants again point to the Declaration of Kimberly Sutton in which she states that review of the BOP computerized database for all administrative tort claims filed by federal prisoners demonstrates that Plaintiff "has never filed a claim for damages pursuant to the Federal Tort Claims Act for any injury, including the injuries he alleges he sustained in [this] case." ECF No. 57-1, p. 3, ¶ 6. The evidence of record therefore shows that Plaintiff has failed to exhaust his administrative tort remedies under the FTCA.

Plaintiff nevertheless argues that he was unable to pursue his administrative remedies in a timely fashion, because he needed more time to develop his complaint and recover from his trauma. Plaintiff also contends that the staff at FCI Loretto impeded Plaintiff's efforts to get copies of his complaint made. These same arguments, however, were made by Plaintiff to the

Regional Office when Plaintiff filed his untimely appeal from the DHO's decision and were rejected by the Regional Director. ECF No. 21-5, pp. 4, 14. Plaintiff has not provided the Court with any additional information or reasons for excusing his untimeliness or for interfering with the Regional Director's conclusions in this regard. See Aleem-X v. White, 2010 WL 1855855, at *6 (D. Del. May 7, 2010) ("[t]he federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination to sanction, discipline, place restrictions, or make decisions regarding Plaintiff"). Plaintiff's FTCA claims therefore remain unexhausted. The Court is therefore without subject matter jurisdiction over those claims and they are properly dismissed as well.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment, ECF No. 56, treated as a Motion for Summary Judgment is properly granted. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 27th day of May, 2015, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for Summary Judgment, treated as a Motion for Summary Judgment, and Plaintiff's Response to Defendants' Motion to Dismiss and Plaintiff's Formal Response to Defendants' Brief in Pursuit of Summary Judgment, IT IS HEREBY ORDERED that Defendants' Motion is GRANTED and the Clerk is directed to mark the case closed.

---

[4] It should be noted here that because the United States is the only proper defendant in a FTCA action, the FTCA claims brought against the individual Defendants are properly dismissed notwithstanding Plaintiff's failure to exhaust his administrative remedies relative to those claims. See Bailey v. U.S. Marshals Serv. Headquarters, 426 F. App'x 44, 45-46 (3d Cir. 2011); CNA v. U.S., 535 F.3d 132, 138 n.2 (3d Cir. 2008).

9

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Stephen Randall Smith,
05592-087
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501

All Counsel of Record Via CM-ECF